**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

| | | |
|---|---|---|
| **KEVIN MICHAEL GREEN,** | ))) | |
| | ))) | |
| **Petitioner,** | ))) | **Civil No. 16-12-DLB** |
| | ))) | |
| **V.** | ))) | **MEMORANDUM OPINION** |
| | ))) | **AND ORDER** |
| **J. C. HOLLAND, Warden,** | ))) | |
| | ))) | |
| **Respondent.** | ))) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

On December 17, 2009, petitioner Kevin Michael Green consented to plead guilty before magistrate Judge Robert Weir in two related criminal cases. *United States v. Green*, No. 6: 09-CR-40-GFVT (E.D. Ky. 2009) (Green I) (Doc. #72, 74); *United States v. Green*, No. 6: 09-CR-74-GFVT (E.D. Ky. 2009) (Green II) (Doc. #4, 6). Now an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky, Green contends that he is entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241 because a magistrate judge may not accept a guilty plea, even with his consent. (Doc. #1 at 1-2, citing *United States v. Harden*, 758 F. 3d 886 (7th Cir. 2014)).

The Court has reviewed the petition, 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011), but must deny relief. As part of his plea agreements in both cases, Green expressly waived his right to collaterally attack his guilty plea or his conviction. (Green I at Doc. #73, p. 7; Green II at Doc. #5, p. 7). The Court subsequently found that Green entered his pleas and waivers knowingly, voluntarily, and intelligently, barring his § 2255 motion. (Green II at Doc. #60, p. 4) Those waivers

1

preclude Green from collaterally attacking his guilty plea in this § 2241 proceeding.  *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Mabry v. Shartel*, No. 122637, 2015 WL 7273817, at *1 (3d Cir. Nov. 18, 2015); *Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir. Feb. 24, 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3rd Cir. 2013).  Even without the waivers, Green's petition still fails.

Claims such as the ones raised in his current petition must be asserted in a § 2255 motion, not a § 2241 petition.  A federal prisoner must challenge the legality of his conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  Green may not use § 2241 for this purpose because his claim is one of ordinary trial error, not an "actual innocence" claim based upon an intervening Supreme Court decision regarding the statute of conviction.  *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012).

And even if the Court did reach the merits of Green's argument, it would still fail. The Seventh Circuit case he relies on in his petition, *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), is not controlling and conflicts with several other circuits, including the Sixth Circuit.  In fact, the *Harden* court acknowledged that its holding conflicted with that of the Fourth, Tenth, and Eleventh Circuits, *Harden*, 758 F. 3d at 891.  The holding also conflicts with the Second, Fifth, and Eighth Circuits as well.  *United States v. Dees*, 125 F. 3d 261 (5th Cir. 1997); *United States v. Torres*, 258 F.3d 791, 794-96 (8th Cir. 2001).  Albeit in a non-precedential opinion, the Sixth Circuit long ago indicated that the practice is acceptable

2

where the defendant consents, *United States v. Cukaj*, 25 F. App'x 290, 291 (6th Cir. 2001), and it is routinely used in this circuit, cf. *United States v. Toirov*, No. 2:15-CR-210, 2015 WL 6459229, at *1 (S.D. Ohio Sept. 24, 2015).  Courts outside of the Seventh Circuit therefore have rejected § 2241 petitions seeking relief under *Harden*.  Cf. *Morton v. Maiorana*, No. 2: 13-CV-2548, 2014 WL 5796749, at *1 (W.D. La. Nov. 6, 2014).

Accordingly, **IT IS ORDERED** that:

1.     Green's habeas corpus petition (Doc. # 1) is **DENIED**.

2.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.     Judgment shall be entered contemporaneously with Order.

This 18th day of April, 2016.

Signed By:

*David L. Bunning*   DB

**United States District Judge**

K:\DATA\ORDERS\London\2016\16-12 MOO re 2241 petition.wpd

3